UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TODD CLAY GREENE II,<br><br>        Plaintiff,<br><br>    v.<br><br>DISCOVER BANK,<br><br>        Defendant. | Case No. 23-cv-04825-SVK<br><br>**ORDER GRANTING MOTION TO DISMISS**<br>Re: Dkt. No. 5 |

*Pro se* Plaintiff Todd Greene II attempted to pay off the outstanding balance on his credit-card account by mailing Defendant Discover Bank ("Discover") a copy of his account summary on which he had written that Discover should pay off his balance. Plaintiff included no cash in his mailing, he did not provide any information about a bank account or credit card from which payment would be made and the document he mailed was not a check. Unsurprisingly, Discover did not accept a bare piece of paper as payment, and the balance on Plaintiff's account remained.

After repeated attempts to pay off his balance in similar fashion failed, Plaintiff commenced this action to recover for the alleged financial harm he consequently suffered. *See* Dkt. 1 (the "Complaint"). Discover now moves to dismiss. Dkt. 5 (the "Motion"). Plaintiff filed an opposition. Dkt. 9 (the "Opposition"). Discover filed a reply. Dkt. 11. Plaintiff and Discover have consented to the jurisdiction of a magistrate judge. Dkts. 7-8. The Court has determined that the Motion is suitable for resolution without oral argument. *See* Civil Local Rule 7-1(b). After considering the Parties' briefing, relevant law and the record in this action, and for the reasons that follow, the Court **GRANTS** the Motion and **DISMISSES** all of Plaintiff's claims **WITHOUT LEAVE TO AMEND**.

///

///

## I. BACKGROUND

The following discussion of background facts is based on the allegations contained in the Complaint, the truth of which the Court accepts for purposes of resolving the Motion. *See Boquist v. Courtney*, 32 F.4th 764, 772 (9th Cir. 2022). Plaintiff opened a credit-card account with Discover in September 2022. *See* Complaint ¶¶ 6-8. The "Cardmember Agreement" governing his account provided the following payment instructions: "You must pay in U.S. dollars. . . . All checks must be drawn on funds on deposit in the U.S." *Id.*, Ex. 1 at 7. In compliance with these instructions, in March and May 2023, Plaintiff successfully made payments from his Wells Fargo bank account to his Discover credit-card account. *See id.* ¶¶ 9-10; *id.*, Ex. 2. Then, in June 2023, Plaintiff attempted to pay the outstanding balance on his account by mailing Discover the following copy of his account summary on which he had written that payment should be made on demand:



*See id.* ¶ 11; *id.*, Ex. A. Plaintiff included a cover letter in this mailing that instructed Discover "to apply the principal's [*i.e.*, Plaintiff's] balance to the principal's account." *See id.* ¶ 12; *id.*, Ex. B. Defendant did not accept this submission as payment on his account and did not respond to Plaintiff's letter. *See id.* ¶¶ 17-18.

Between June and August 2023, Plaintiff continued to mail account summaries and cover letters to Discover in repeated attempts to pay his outstanding balance, and Discover continued to ignore him. *See id.* ¶¶ 20-25, 27-32, 38-43. Plaintiff subsequently commenced this action to recover for the alleged financial harm he suffered as a result of Discover's failure to accept his mailings as payments (*e.g.*, late fees, negative impact on his credit score). *See id.* ¶ 52.

2

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 12(b)(6), a court must dismiss a complaint if it "fail[s] to state a claim upon which relief can be granted." To survive a Rule 12(b)(6) motion, a plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). This facial-plausibility standard requires a plaintiff to allege facts resulting in "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

In ruling on a motion to dismiss, a court may consider only "the complaint, materials incorporated into the complaint by reference, and matters [subject to] judicial notice." *UFCW Loc. 1500 Pension Fund v. Mayer*, 895 F.3d 695, 698 (9th Cir. 2018) (citation omitted). A court must also presume the truth of a plaintiff's allegations and draw all reasonable inferences in his favor. *See Boquist*, 32 F.4th at 773. However, a court need not accept as true "allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences." *Khoja v. Orexigen Therapeutics, Inc.*, 899 F.3d 988, 1008 (9th Cir. 2018) (citation omitted).

If a court grants a motion to dismiss, it may exercise discretion to grant or deny leave to amend the complaint, and it "acts within its discretion to deny leave to amend when amendment would be futile, when it would cause undue prejudice to the defendant, or when it is sought in bad faith." *Nat'l Funding, Inc. v. Com. Credit Counseling Servs., Inc.*, 817 F. App'x 380, 383 (9th Cir. 2020) (citation omitted).

## III. DISCUSSION

Plaintiff asserts five causes of action in the Complaint, all of which stem from Discover's failure to accept his mailings as payments on his account:

- Breach of the Cardholder Agreement.
- Violation of the Federal Deposit Insurance Act (the "FDIA").
- Violation of the Federal Reserve Act (the "FRA").
- Violation of 17 C.F.R. Section 240.10b-5 ("Rule 10b-5").
- Violation of 15 U.S.C. Section 1615.

None of these claims survives scrutiny under Rule 12(b)(6).

### A. Plaintiff Has Not Sufficiently Alleged That Discover Breached The Cardholder Agreement

Delaware law governs the Cardholder Agreement. *See* Complaint, Ex. 1 at 9 ("This Agreement is governed by applicable federal law and by Delaware law."). "In order to survive a motion to dismiss for failure to state a breach of contract claim [under Delaware law], the plaintiff must demonstrate: first, the existence of the contract, whether express or implied; second, the breach of an obligation imposed by that contract; and third, the resultant damage to the plaintiff." *VLIW Tech., LLC v. Hewlett-Packard Co.*, 840 A.2d 606, 612 (Del. 2003) (citations omitted). Here, Plaintiff has not sufficiently alleged breach by Discover of an obligation imposed by the Cardholder Agreement. The agreement requires payment in the form of U.S. dollars; it does not permit payment in the form of an account summary on which Plaintiff wrote that payment should be made on demand. Discover, therefore, did not breach the Cardholder Agreement by failing to accept such a document as payment on Plaintiff's account. Accordingly, Plaintiff's claim for breach of the Cardholder Agreement fails.

### B. Plaintiff Has Not Sufficiently Alleged That He Is Entitled To Relief Under The FDIA

Plaintiff seeks to recover civil penalties under Section 8(i)(2) of the FDIA. *See* Complaint ¶ 55. That provision of the statute permits recovery of civil penalties where an "insured depository institution" or "any institution-affiliated party," *inter alia*, (1) "violates any law or regulation," (2) "violates any written agreement between such depository institution and [a federal banking] agency" or (3) "breaches any fiduciary duty." *See* 12 U.S.C. § 1818(i)(2). In terms of violations of laws or regulations, Plaintiff bases his FDIA claim on Discover's alleged violation of 15 U.S.C. Section 1615. *See* Complaint ¶ 55. As discussed below, however, Plaintiff does not sufficiently allege that Discover violated that statute. *See* Section III.E, *infra*. In terms of violations of a written agreement, Plaintiff has not sufficiently alleged breach of the Cardholder Agreement, which in any event was not entered into between Discover and a federal banking agency. *See* Section III.A, *supra*. In terms of breaches of fiduciary duties, Discover was under no duty to accept Plaintiff's mailing as payment on his account. *See id.* Accordingly, Plaintiff's

4

claim for civil penalties under the FDIA fails.[1]

### C. Plaintiff May Not Recover Under The FRA

Plaintiff seeks to recover civil penalties under Section 29 of the FRA. *See* Complaint ¶ 58. But individuals lack a private right of action under Section 29. *See Greathouse v. Hayes*, No. 23-cv-00960-PLM, 2023 WL 6882227, at *2 (W.D. Mich. Sept. 15, 2023), *report and recommendation adopted*, 2023 WL 6880195 (W.D. Mich. Oct. 18, 2023); *Murphy v. Cap. One*, 23-cv-01120-HEA, 2023 WL 5929340, at *3 (E.D. Mo. Sept. 12, 2023); *Lucas v. New Am. Funding LLC*, No. 23-cv-02092-JPB, 2023 WL 7492203, at *3 (N.D. Ga. Sept. 11, 2023), *report and recommendation adopted*, 2023 WL 7492201 (N.D. Ga. Sept. 29, 2023). Accordingly, Plaintiff's claim for civil penalties under the FRA fails.

### D. Plaintiff Has Not Sufficiently Alleged That Discover Violated Rule 10b-5

Rule 10b-5 prohibits using fraud or false or misleading statements or omissions "in connection with the purchase or sale of any security." *See* 17 C.F.R. § 240.10b-5. But Plaintiff has not alleged the purchase or sale of any security. Accordingly, Plaintiff's claim for violation of Rule 10b-5 fails.

### E. Plaintiff Has Not Sufficiently Alleged That Discover Violated 15 U.S.C. Section 1615

15 U.S.C. Section 1615 obligates a creditor to "promptly refund any unearned portion of [an] interest charge to [a] consumer" where a consumer "prepays in full the financed amount under any consumer credit transaction." *See* 15 U.S.C. § 1615(a)(1). Plaintiff alleges Discover violated this provision, because Plaintiff made payments on his account in March and May 2023, and Discover "has yet to acknowledge Plaintiff's rights and interest on the account and provide a

---

[1] While the Court does not evaluate Discover's argument that the FDIA does not provide Plaintiff with a private right of action (*see* Motion at 5), it observes that in responding to this argument, Plaintiff appears to have manufactured a quote from one of his cited authorities. In his Opposition, Plaintiff asserts that in *American Fair Credit Association v. United Credit National Bank*, 132 F. Supp. 2d 1304 (D. Colo. 2001), the court "held that 'Section 1818 (i)(2) provides a private right of action to depositors who are injured by unfair and deceptive practices by insured depository institutions.'" Opposition at 8 (purporting to quote *Fair Credit Association*, 132 F. Supp. 2d at 1311). No such language appears in that decision. The Court admonishes Plaintiff that all parties, including those appearing *pro se*, must act truthfully before the Court, and the Court does not tolerate fabrications of authority or dishonest behavior.

refund to Plaintiff." *See* Complaint ¶¶ 68, 78. It is not clear what Plaintiff means by Discover's alleged failure "to acknowledge" his "rights and interest on the account," and in any event, Section 1615 does not require Discover to do so. Further, Plaintiff has not alleged that Discover charged him <u>any</u> interest in connection with the payments he made in March and May 2023. To the extent Plaintiff bases this claim on interest charged despite his attempts to pay his balance by mailing Discover a copy of his account summary, these mailings did not constitute payments under the Cardholder Agreement. Accordingly, Plaintiff's claim for violation of 15 U.S.C. Section 1615 fails.

### F.     The Court Will Not Grant Plaintiff Leave To Amend His Complaint

The Court will not grant Plaintiff leave to amend his complaint, because (1) doing so would be futile, and (2) it appears Plaintiff brings his claims in bad faith.

**Futility.** "An amendment is futile when 'no set of facts can be proved under the amendment to the pleadings that would constitute a valid and sufficient claim or defense.'" *Ultrasystems Env't, Inc. v. STV, Inc.*, 674 F. App'x 645, 649 (9th Cir. 2017) (citation omitted). Here, the gravamen of Plaintiff's complaint is Defendant's failure to accept as payment copies of Plaintiff's account summary on which he had written that payment should be made on demand. The Court does not believe that any additional allegations on top of this fundamental allegation will cure the deficiencies underlying any of Plaintiff's claims.

**Bad Faith.** Under his own allegations, Plaintiff knows exactly how to properly make a payment on his credit-card account—he did so in March and May 2023. *See* Section I, *supra*. His desire to now recover for Discover's rejection of his mailings therefore smacks of frivolity; if Plaintiff genuinely wanted to pay off his balance, he could have made a payment using a previously successful method.

///
///
///
///
///

## IV. CONCLUSION

For the foregoing reasons, the Court **GRANTS** the Motion and **DISMISSES** all of Plaintiff's claims **WITHOUT LEAVE TO AMEND**.

**SO ORDERED.**

Dated: January 8, 2024

_____
SUSAN VAN KEULEN
United States Magistrate Judge